(No. 3485— ▮▮▮▮▮▮▮)

SPUR DISTRIBUTING CO., INC., A CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion on rehearing filed November 9, 1943.*

POPE & DRIEMEYER, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

ECKERT, J.

On May 15, 1937, the respondent began the construction of two underpasses on that part of St. Clair Avenue in East St. Louis, Illinois, which forms a part of U. S. Highway No. 66. The construction was completed on December 15, 1938. The claimant had previously built and operated a gasoline filling station on property on the south side of St. Clair Avenue leased from the Wiggins Ferry Company. Because of the construction of the underpasses, the station was closed from June 27, 1937, to December 18, 1938. When it reopened, its business was materially less than it had been prior to the construction of the subway.

Claim for damages allegedly suffered by reason of the construction of the two underpasses, in the amount of $19,915.26, was filed by claimant on April 23, 1940. The claim was denied, the court holding that no award could be made to claimant because no leasehold existed during a time when a compensable loss could have been suffered, and because the alleged damages were speculative. (*Nauyoks, et al*, vs. *State*, 11 C. C. R. 542.) On petition, a rehearing was granted.

In the order granting the rehearing, this court found that confusion existed in the record as to the period, if any, during which the leasehold rights of claimant continued after the construction of the subways in question.

The court stated, that although it was not in accord with claimant's theory as to the measure of damages, the petition for rehearing should be granted because the court had failed to recognize the continued operation of claimant's lease following the completion of the subway construction.

After a consideration of the record upon rehearing, and after recognizing the continued operation of claimant's lease subsequent to completion of the subway construction, the court is still of the opinion that the items of claimant's loss are speculative and that the alleged damages to its leasehold interest have not been proved by competent evidence.

An award is therefore denied.